**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CAMILLA R. GREENE,
Plaintiff-Appellant,

v.

No. 96-1870

EASTMAN KODAK COMPANY; MAGGIE
MUELLER-TYLER; LARRY CARTER,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1424-A)

Argued: May 5, 1997

Decided: June 10, 1997

Before WILKINS, Circuit Judge, Joseph F. ANDERSON, Jr.,
United States District Judge for the
District of South Carolina, sitting by designation,
and TRAXLER, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Clinton A. Jackson, C.A. JACKSON & ASSOCIATES,
P.C., Washington, D.C., for Appellant. Robert Charles Bernius,
NIXON, HARGRAVE, DEVANS & DOYLE, L.L.P., Washington,

D.C., for Appellees. **ON BRIEF:** David A. Branch, C.A. JACKSON & ASSOCIATES, P.C., Washington, D.C., for Appellant. Deborah A. Tarasevich, NIXON, HARGRAVE, DEVANS & DOYLE, L.L.P., Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Camilla R. Greene appeals an order of the district court granting summary judgment to her former employer, Eastman Kodak Company, and her former supervisors, Maggie Mueller-Tyler and Larry Carter (collectively, "Kodak"), on Greene's claims of racial harassment and discrimination. See 42 U.S.C.A.§ 2000e-2(a) (West 1994). Finding no error, we affirm.

I.

Greene was employed by Kodak as a sales representative from September 1991 until March 1995. She initially was assigned a sales territory in Rosslyn, Virginia and given a sales goal for each year. Greene achieved 122 percent of this goal during 1992. The following year, however, Greene's performance began to deteriorate; she achieved only 48 percent of her sales goal even after it was prorated to account for an indefinite leave of absence that Greene took beginning in September.

Greene returned to work in February 1994, but could not immediately return to sales activities because no sales territory was available. In January, while Greene was still on leave of absence, Mueller-Tyler had reassigned Greene's former sales territory to a white female. Mueller-Tyler based her decision to reassign the territory on the fact that she did not know when Greene planned to return from her indefi-

2

nite leave of absence and leaving the territory unattended created the danger that its customer base would erode. Greene was assigned clerical duties and provided further training in sales techniques pending the availability of a new sales territory.

On April 1, Greene was assigned a sales territory consisting of hospitals, health maintenance organizations (HMOs), and schools in the Washington, D.C. metropolitan area. The territory previously had consisted only of hospitals and HMOs and had been assigned successively to a white male and a black female. Kodak added schools to the territory in order to expand its customer base. Greene, however, made no sales in this new territory.

In September, Greene filed a charge with the Equal Employment Opportunity Commission (EEOC), complaining that Kodak had discriminated against her on the basis of her race when it assigned her to the hospital/HMO/school territory. The EEOC issued a right-to-sue letter in July 1995, and Greene subsequently filed this lawsuit claiming, inter alia, racial harassment and discrimination. Specifically, Greene alleged that Kodak discriminated against her on the basis of race by assigning her to the new territory. Further, Greene claimed that certain comments by Mueller-Tyler and Carter created a hostile work environment.

After discovery, the district court granted summary judgment to Kodak. The court concluded that Greene's harassment claim was barred because she failed to raise it before the EEOC. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 963 (4th Cir. 1996) ("Only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit."). Alternatively, the court held that the statements alleged by Greene to have created a hostile working environment were not, as a matter of law, "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 67 (1986) (internal quotation marks omitted; alteration in original). With respect to Greene's discrimination claim, the district court determined that Greene could not establish a prima facie case of discrimination because the territory

3

about which she complained had been assigned to white employees both before and after it was assigned to Greene. See Evans, 80 F.3d at 959-60 (setting forth elements of prima facie case).

II.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and the applicable law, we conclude that the district court correctly granted summary judgment to Kodak. Accordingly, we affirm.

AFFIRMED

4